# WAYNE COUNTY PRESERVING COMPANY *v.* BURT OLNEY CANNING COMPANY.

TRADEMARKS; SIMILARITY OF MARKS.

1. No person engaging in trade can legally adopt a trademark so resembling that of another when applied to the same class of goods as will mislead a purchaser buying with ordinary caution.

2. Where a doubt exists as to whether a mark which it is sought to have registered as a trademark is so similar to a mark already registered as to be likely to cause confusion, the doubt will be resolved in favor of the prior registrant and user in good faith.

3. A trademark applied to canned fruits and vegetables, and consisting of the picture of a full-length figure of a colonial military officer, accompanied by the words "Col. Willett," *held* not to be registerable because of its similarity to a registered trademark consisting of a bust portrait of General Anthony Wayne in a colonial military uniform, and applied to the same kind of goods.

No. 532. Patent Appeals. Submitted November 18, 1908. Decided December 22, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to an application for the registration of a trademark.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the Commissioner of Patents dismissing the opposition of appellant, the Wayne County Preserving Company, and registering a trademark for appellee, the Burt Olney Canning Company. The marks here in conflict are used on canned fruits and vegetables. It appears that appellee, on July 22, 1907, filed an application in the Patent Of-

fice for the registration of a trademark consisting of a full-length figure of a colonial military officer, accompanied by the words "Col. Willett." Appellant filed notice of opposition to the granting of appellee's registration, on the ground that it was the owner of a registered mark that it and its predecessors had used on canned fruits and vegetables since 1880, consisting of a bust portrait of General Anthony Wayne in a colonial military uniform. This mark was first registered by its predecessor in business in 1887, and again registered by it in 1906.

Appellant filed its notice of opposition to the registration of appellee's mark on the ground that the similarity of the marks would tend to create confusion in trade. Appellee demurred to appellant's notice of opposition. On hearing, the Examiner of Interferences overruled the demurrer, and gave appellee thirty days in which to further plead or answer. From this decision of the Examiner, appellee appealed to the Commissioner of Patents, which appeal was dismissed for the reason that it was not an appeal from a final order of the Examiner. Appellee then went back to the Examiner, and, the time within which it might answer the notice of opposition having expired, judgment was rendered against it upon the demurrer. From this decision of the Examiner of Interferences sustaining the opposition of appellant and refusing registration to appellee, appellee appealed to the Commissioner of Patents, who reversed the decision of the Examiner and dismissed the opposition, allowing registration to appellee. From this decision the matter comes here on appeal.

*Mr. H. P. Denison* and *Mr. Theodore K. Bryant* for the appellant.

*Mr. A. P. Greeley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It appears that the appellant and its predecessors have been engaged in the business of canning fruits and vegetables in

Wayne county, New York, since the year 1867, and have used its mark continuously since 1880. The appellee company is engaged in similar business in the county of Madison, adjoining the county of Wayne, in New York, and has been using its mark since 1897.

The sole question to be here considered is whether the marks are so similar as to create confusion or mistake in the mind of the public when applied to goods of the same descriptive properties. The statute under which this case arises is as follows: "That trademarks which are identical with a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered." [33 Stat. at L. 725, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1010.] It is conceded that the goods to which the marks before us are applied contain not only the same descriptive properties, but are identically the same. This narrows the question to the similarity of the marks sought to be used. Just what degree of resemblance is necessary to bring about confusion in trade is incapable of exact definition. About all that can be said is that no person engaged in trade can adopt a trademark so resembling that of another trader when applied to the same class of goods as will mislead a purchaser when buying with ordinary caution. The rule announced by the Supreme Court in *McLean* v. *Fleming,* 96 U. S. 245, 24 L. ed. 828, is as follows: "Two trademarks are substantially the same in legal contemplation, if the resemblance is such as to deceive an ordinary purchaser giving such attention to the same as such a purchaser usually gives, and to cause him to purchase the one supposing it to be the other."

In the two marks here before us, a striking characteristic is the figure of a colonial military officer, in which the uniforms are substantially the same, and the resemblance of the men is striking, except that, in the case of appellant, only the bust of

the officer appears, while appellee's mark represents a full-length figure. It is not a case where portraits of two men are used who are known and recognized by the public generally throughout the commercial world; but, in the case of appellee at least, the officer represented is practically unknown. These marks, when appearing on the canned goods of the respective parties, exposed to the public on the shelves of the retailer, are so similar as to be likely to cause confusion; and where, as in this case, there is no evidence on that subject except the marks themselves, it is the duty of the court to protect the prior registrant and user from the probability of any such occurrence. It is strangely coincident that appellee, engaged in the same business as appellant, and located in the adjoining county to where appellant has used his mark for many years, should select a mark so similar. The property right in trademarks is a valuable one, and is entitled to protection from those who would profit by its imitation, and the courts should resolve the doubt, if any exists, in favor of the prior registrant and user in good faith.

The decision of the Commissioner is reversed, and the clerk is directed to certify these proceedings as by law required.

*Reversed.*